UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In Re:                                             Case No. **16-20049-LMI**

     **GUILLERMO PEREZ**                    Chapter **7**

      Debtor.         /

### OMITTED CREDITORS JUAN C. MORALES and MIRTHA MORALES
### MOTION FOR ORDER ALLOWING FILING OF ADVERSARY COMPLAINT

RICHARD SIEGMEISTER, Esquire of the RICHARD SIEGMEISTER P.A., on behalf of omitted creditors JUAN C. MORALES and MIRTHA MORALES, file this their Motion for Order authoriizng the filing of an adversary complaint against the debtor objecting the dischargeability ot debt pursuant to 11 U.S.C. 523 and the sub-parts thereto as follows:

1. The debtor GUILERMO PEREZ (hereinafter "Perez"), is an attorney licensed to practice law in the State of Florida, the brother of Mirtha Morales (hereinafter "Mirtha") and brother-in-law of Juan C. Morales (hereinafter "Juan"), and collectively (hereinafter "Morales") and a co-defendant in a case conducted in the Eleventh Judicial Circuit in and for Miami-Dade County Florida, Case Number 08-40150 that resulted in final judgment and a claim against the Morales who as a result are debtors in a case under Chapter 11 currently pending in the Southern District of Florida, Case Number 16-26663-BKC-AJC.

2. This case was initially filed as a case under Chapter 13 on the 19th day of July 2016 (ECF 1), and converted to a case under Chapter 7 on the 6th day of September 2016 (ECF 42), Marcia Dunn, Esquire was appointed as Chapter 7 Trustee.

3. Perez in a abundance of caution the Morales gave Notice to Perez by listing him on their Chapter 11 Schedule, Petition, F (ECF 26) as an unsecured, contingent, unliquidated, disputed creditor giving him actual notice of their case on or about the 18th day of January 2017.

4. Perez even after receipt of notice of the Morales Chapter 11 case did not list the Morales as possible obligated parties to him on his Amended Schedule A/B (ECF 122) filed on

the 30th day of April 2017.

    5. Perez within his petition listed the plaintiff and its attorney in the above referenced State Circuit Court case on his Schedules E/F but omitted the Morales and the State Court law suit to which he was a co-defendant from his initial or amended schedules (ECF's 1, 7, 37, 61, and 122) and initial and amended Statement of Financial Affairs (ECF's 1, 7, 24, and 122).

    6. An Order of this Court (ECF 115) extended to only the Chapter 7 Trustee, Marcia Dunn, Esquire the deadline to object to the debtor's Discharge pursuant to 11 U.S.C. 727 to the 22nd day of June 2017.

    7. Perez at all times material acted as participant and legal advisor to the Morales who had reason to trust and follow his advice and counsel and his acts or lack thereof resulted in judgments against both of the Morales and forced the filing of their pending Chapter 11 case.

    8. Because of Perez' advice, counsel and position of trust all or almost property acquired over many years of hard work and held by the Morales individually or as a married couple will be liquidated to pay various creditor's principally the plaintiff in the above referenced State Court action.

    9. In addition to and because of Perez' advice, counsel, and position of trust property held by the Morales individually or as a married couple will be liquidated and they are the subject of an objection to their bankruptcy discharge. See Adversary Case Number 17-1120-A-AJC currently pending in the Souther District of Florida.

    10. Pursuant to 11 U.S.C. 523(a)(3) as omitted creditors without actual knowledge of the filing of Perez' case until after the passing of the deadline to object to dischargeability of debt resulting from damage caused by him pursuant to §523(a)(2), (4), and (6) the Morales are entitled to the relief requested herein.

    11. Because of the relationship of Perez to the Morales and to the Circuit Court action against all of them it is inconceivable that Perez' failure to list the Morales as creditors or in any

way give notice to them on any of the six iterations of his Schedules or Statements of Financial Affairs was due to mistake or inadvertence.

12.   In addition to the fact that Perez' case is open and active there are two adversary complaints currently pending against Perez before this Court 16-1657-A-LMI and 16-1668-A-LMI  objecting to discharge and dischargeability of debt.

13.  No inordinate disruption to this court's docket would be caused by the granting of the relief requested herein.

14.  Based on the foregoing and 11 U.S.C. 523(2)(3) the Court has the authority to and should grant the relief requested herein.

WHEREFORE the movants JUAN C. MORALES and MIRTHA MORALES pray the Court will issue and Order permitting them to file an adversary complaint objecting to the dischargeability of debt pursuant to 11 U.S.C. 523(a)(3), (2), (4), and (6) and issue any other Order the Court deems appropriate under the facts and circumstance herein.

RESPECTFULLY SUBMITTED in the Southern District of Florida Miami-Dade Divsion on the 16th day of May 2017.

_____/S/_____
Richard Siegmeister, Esquire
Richard Siegmeister, P.A.
Attorneys for JUAN MORALES
        and MIRTHA MORALES
One Plaza Brickell, Suite 304
1800 S.W. 1 Avenue
Miami,  Florida 33129-1180
Florida Bar No. 0700975
Telephone: (305) 859-7376
Facsimile 305 859-7378
Email:  rspa111@att.net
        rspalaw@att.net

Z:\MyFiles\Data - Old\BANKRDTR\Morales, Juian & Mirtha\170516 Mot to file complaint.wpd